IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

COREY LEE CALDWELL          §
(TDCJ No. 1656858),         §
                            §
          Petitioner,       §
                            §
V.                          §          No. 3:14-cv-530-B-BN
                            §
WILLIAM STEPHENS, Director  §
Texas Department of Criminal Justice, §
Correctional Institutions Division,   §
                            §
          Respondent.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Corey Lee Caldwell, while a Texas inmate, filed an application for

writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below,

the application should be denied.

**Background**

As recounted by the Dallas Court of Appeals's decision on direct appeal,

[o]n March 20, 2006, [Petitioner] pleaded guilty to the charge of engaging
in organized criminal activity. The indictment alleged that [Petitioner]
engaged in organized criminal activity by committing four burglaries
"with the intent to establish, maintain and participate in a combination
and in the profits of a combination which collaborated in carrying on said
criminal activity." Pursuant to a plea bargain agreement, the trial court
deferred further proceedings without entering an adjudication of guilt,
and placed [Petitioner] on community supervision for five years and
imposed a $2,000 fine.

The State filed its original motion to proceed with an adjudication of guilt
on October 10, 2006, alleging [Petitioner] violated the terms of his
community supervision by committing several new offenses. A warrant

was issued for [Petitioner]'s arrest. On October 12, 2006, he was taken into custody and placed in a holding cell that was located between Criminal District Court Number 2 (CDC 2) and Criminal District Court Number 7 (CDC 7). [Petitioner] escaped through an unlocked door leading to CDC 7. He fled the courthouse and remained at large until he was apprehended by United States Marshals on November 27, 2007....

The State's amended motion to proceed with an adjudication of guilt, filed on November 28, 2007, alleged two additional violations of the conditions of community supervision: the October 12, 2006 escape and a failure to report for the period of November 2006 through October 2007. The State elected to proceed only on these allegations, to which [Petitioner] pleaded not true.

*Caldwell v. State*, No. 05-10-00818-CR, 2011 WL 5119443, at *1 (Tex. App. – Dallas Oct. 28, 2011, pet. ref'd).

An adjudication hearing was held on June 28, 2010, at which Petitioner was found guilty and sentenced to sixty years' imprisonment. That judgment was affirmed on direct appeal. *See Caldwell*, 2011 WL 5119443. And a petition for discretionary review was refused. *See Caldwell v. State*, PD-1753-11 (Tex. Crim. App. Mar. 28, 2012).

Petitioner raised seven ineffective assistance grounds in his state habeas application, and the Texas Court of Criminal Appeals denied his application without a written order on the findings of the state habeas trial court made without a live hearing. *See Ex parte Caldwell*, WR-79,580-01 (Tex. Crim. App. Dec. 11, 2013); *see also* Dkt. No. 14-32.

Petitioner's Section 2254 application was filed on February 14, 2014. *See* Dkt. No. 3 at 10. A response has been filed, *see* Dkt. No. 15, but Petitioner has failed to file a reply, and the deadline for doing so has passed. Petitioner re-asserts in this Court the seven claims of ineffective assistance of trial and appellate counsel that he raised in

the state habeas proceedings. *See* Dkt. No. 3 at 6; Dkt. No. 14-32 at 10. He contends that (1) trial counsel failed to adequately investigate his case, which caused him to enter an invalid guilty plea; (2) trial counsel failed to request a speedy trial and preserve that issue for appeal; (3) trial counsel failed to comply with procedures for recusal/disqualification of the judge and preserve that issue for appeal; (4) trial counsel failed to object to improper questions; (5) trial counsel failed to challenge the sentence as unconstitutional; (6) appellate counsel failed to challenge the qualifications of the court of appeals justice; and (7) appellate counsel failed to challenge the sufficiency of the evidence on appeal and the state's motion to proceed with adjudication.

## Preliminary Analysis: Limitations (Claims 1 and 7)

Respondent contends that two of Petitioner's claims clearly relate to his March 20, 2006 guilty plea – first, that his trial counsel failed to "adequate[ly] investigate [the] case, causing [an] invalid guilty plea" [Claim 1] and, second, that his appellate counsel failed to "challenge the sufficiency of [the] evidence on appeal for cause no. F04-23498-I and the State's Motion to Proceed to Adjudication" [Claim 7], Dkt. No. 3 at 6 – and are accordingly barred by the applicable statute of limitations, *see* Dkt. No. 15 at 5-8.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the [United States] Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional" circumstances. *See Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

The Supreme Court has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). The actual innocence gateway, however, is only available to a movant who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond

-4-

a reasonable doubt,'" *id.* at 1928 (quoting *Schlup*, 513 U.S. at 329).

Applicable to the posture of the state criminal proceedings in Petitioner's case, discussed above,

> [u]nder Texas law, "a judge may defer the adjudication of guilt of particular defendants and place them on 'community supervision' if they plead guilty or nolo contendere." *Tharpe v. Thaler*, 628 F.3d 719, 722 (5th Cir. 2010) (citing TEX. CODE CRIM. P. art. 42.12, § 5(a)). If the defendant violates a condition of his community supervision, the court holds a hearing to determine whether it should impose a judgment of guilt. *Id.* If the court convicts the defendant, it also sentences him. *Id.* Two distinct limitations periods then apply for the filing of habeas petitions. One limitations period applies to claims relating to the deferred adjudication order, and another limitations period applies to claims relating to the adjudication of guilt. *Id.* at 724; *see also Caldwell v. Dretke*, 429 F.3d 521, 526-30 (5th Cir. 2005).

*Frey v. Stephens*, ___ F. App'x ____, No. 13-40362, 2015 WL 3756729, at *3 (5th Cir. June 17, 2015); *see also Caldwell*, 429 F.3d at 530 ("Because an order of deferred adjudication community supervision is a final judgment within the plain meaning of AEDPA section 2244, the one-year statute of limitations, for challenging substantive issues of [an order] of deferred adjudication, [begins] to run when the order deferring adjudication [becomes] final."); *Tharpe*, 628 F.3d at 724 (holding that "a habeas claim that challenges a *deferred-adjudication order* and another habeas claim that challenges a *conviction and sentence* involve two different 'judgments' for AEDPA purposes" and "in dealing with two entirely separate and distinct judgments – one a deferred-adjudication order and the other a judgment of conviction and sentence – [federal courts] are dealing with two separate and distinct limitation periods under the

AEDPA" (distinguishing *Burton v. Stewart*, 549 U.S. 147 (2007)) (emphasis in original)).

Here, to the extent that Petitioner makes "claims relating to the deferred adjudication order," *Frey*, 2015 WL 3756729, at *3, that order became final on April 19, 2006, *see* Tex. R. App. P. 26.2(a)(1) (defendants must file a notice of appeal "within 30 days after the day sentence is imposed or suspended in open court") – before the State's original motion to proceed with an adjudication of guilt was filed, on October 10, 2006, *see Caldwell*, 2011 WL 5119443, at *1. Accordingly, Petitioner had until April 19, 2007 to timely challenge "claims relating to the deferred adjudication order" through a Section 2254 habeas petition, unless that deadline is equitably tolled or Petitioner is relying on the narrow actual innocence gateway. Here, however, Petitioner neither presents rare and exceptional circumstances that justify equitable tolling nor argues that he is actually innocent.

As such, to the extent that Petitioner is claiming that his trial counsel was constitutionally ineffective because counsel's allegedly inadequate investigation caused Petitioner to enter an invalid guilty plea, such a claim is challenging a substantive issue related to the order of deferred adjudication that became final on April 19, 2007 and, thus, is barred by the AEDPA one-year statute of limitations.

Petitioner's related claim that his appellate counsel was constitutionally ineffective because counsel failed to challenge on appeal the sufficiency of the evidence as to Petitioner's guilt is also barred by limitations. As he stated in the memorandum in support of this appellate claim, Petitioner merely "incorporate[s] the factual and legal arguments stated in" support of his claim that trial counsel's constitutional

ineffective assistance resulted in an invalid guilty plea to support this related claim against appellate counsel. Dkt. No. 10 at 20. As such, the appellate claim clearly relates to the deferred adjudication order and is thus also barred. *See Jenkins v. Thaler*, No. 4:12-cv-797-A, 2013 WL 867529, at \*2 (N.D. Tex. Mar. 7, 2013) ("Because petitioner's claims relate to facts and events involving the original plea proceedings, the judgment placing him on deferred adjudication community supervision is the relevant judgment for purposes of the one-year statute of limitations." (citing *Tharpe*, 628 F.3d at 724)); *see also York v. Stephens*, No. A-13-CA-100-LY, 2014 WL 2168216, at \*3 (W.D. Tex. May 23, 2014) (claims are "related to the validity of the original guilty plea" if they turn on a contention that a petitioner "did not actually commit" the crime; such "claims had to be raised in a direct appeal within thirty days of when [p]etitioner received deferred-adjudication community supervision"; and such claims may not be rephrased as a challenge to findings made at conviction and sentence in order to evade the AEDPA's one-year statute of limitations), *C.O.A. denied*, No. 14-50689 (5th Cir. Apr. 10, 2015); *cf. McBeth v. Stephens*, No. 2:13-cv-92, 2014 WL 1168895, at \*3 (N.D. Tex. Mar. 21, 2014) ("Under Texas law, a defendant placed on deferred adjudication community supervision may raise issues relating to the original plea proceeding only in an appeal taken when deferred adjudication community supervision is first imposed." (citing *Manuel v. State*, 994 S.W.2d 658, 661-62 (Tex. Crim. App. 1999))).

The appellate claim is not only time barred – it is also precluded by Petitioner's decision to plead guilty. *See Smith v. McCotter*, 786 F.2d 697, 702-03 (5th Cir. 1986) ("'No federal constitutional issue is raised by the failure of the Texas state court to

require evidence of guilt corroborating a voluntary plea.' The *Jackson v. Virginia*, 443 U.S. 307 (1979), mandate that sufficient evidence exist from which a rational fact finder could find guilt beyond a reasonable doubt is inapplicable to convictions based on a guilty plea." (quoting *Baker v. Estelle*, 715 F.2d 1031, 1036 (5th Cir. 1983)) (citing *Kelley v. Alabama*, 636 F.2d 1082, 1083-84 (5th Cir. 1981))); *see also Tristan v. Stephens*, No. 3:12-cv-2828-P-BK, 2013 WL 4561331, at *3 (N.D. Tex. Aug. 28, 2013) (further noting that, "under Texas state law, a judicial confession is sufficient evidence of guilt in a felony criminal case in which a defendant enters a guilty plea" (citing *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009))); *Wisener v. Thaler*, No. 4:09-cv-359-Y, 2010 WL 546738, at *4 (N.D. Tex. Feb.17, 2010) ("[T]o the extent [Petitioner] complains ... that there was insufficient evidence to support his conviction, ... [a] matter[] unrelated to the voluntariness of his plea, the claim[ is] nonjurisdictional and [is] waived by the plea." (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989))).

### Legal Standards (Merits)

Where a state court has already rejected a claim on the merits, a federal court may grant habeas relief on that claim only if the state court adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court adjudication on direct appeal is due the same deference under Section 2254(d) as an adjudication in a state post-conviction proceeding. *See Dowthitt v. Johnson*, 230 F.3d 733, 756-57 (5th Cir. 2000) (a finding made by the TCCA on direct appeal was an "issue ... adjudicated on the merits in state proceedings," to be "examine[d] ... with the deference demanded by AEDPA" under "28 U.S.C. § 2254(d)"); *Campbell v. Bradshaw*, 674 F.3d 578, 586 (6th Cir. 2012) ("Because all of Campbell's claims regarding ineffective assistance were adjudicated on the merits by the Ohio state courts either during direct appeal or on post-conviction review, § 2254(d) governs our standard of review." (citation omitted)); *cf. Pugh v. Warden, La. State Penitentiary*, No. 11-cv-2184, 2015 WL 1508434, at *3 (W.D. La. Mar. 30, 2015) ("The State asserts a procedural bar defense to this claim, and it probably has merit. It is easier, however, to address the claim on the merits since it was adjudicated on the merits on direct appeal and, therefore, entitled to a deference under Section 2254(d).").

A decision constitutes an "unreasonable application" of clearly established federal law if "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). "For purposes of § 2254(d)(1), an unreasonable application of federal law is different from an incorrect application of federal law.... A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citations and internal quotation marks omitted). "Under § 2254(d), a habeas court

must determine what arguments or theories supported or ... could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Id.* at 102 (internal quotation marks omitted).

The Supreme Court has further explained that "[e]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." *Id.* at 101 (internal quotation marks omitted). And "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. The Supreme Court has explained that, "[i]f this standard is difficult to meet, that is because it was meant to be," where, "[a]s amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings," but "[i]t preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents," and "[i]t goes no further." *Id.* Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103; *accord Burt v. Titlow*, 134 S. Ct. 10, 16 (2013) ("If this standard is difficult to meet – and it is – that is because it was meant to be. We will not lightly conclude that a State's

criminal justice system has experienced the extreme malfunctio[n] for which federal habeas relief is the remedy." (internal quotation marks and citations omitted)).

As to Section 2254(d)(2)'s requirement that a petitioner show that the state court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," the Supreme Court has explained that "a state-court factual determination is not unreasonable merely because the federal habeas court would have reached a different conclusion in the first instance" and that federal habeas relief is precluded even where the state court's factual determination is debatable. *Wood v. Allen*, 558 U.S. 290, 301, 303 (2010). Under this standard, "it is not enough to show that a state court's decision was incorrect or erroneous. Rather, a petitioner must show that the decision was objectively unreasonable, a substantially higher threshold requiring the petitioner to show that a reasonable factfinder must conclude that the state court's determination of the facts was unreasonable." *Batchelor v. Cain*, 682 F.3d 400, 405 (5th Cir. 2012) (brackets and internal quotation marks omitted).

The Court must presume that a state court's factual determinations are correct and can find those factual findings unreasonable only where the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001). This presumption applies not only to explicit findings of fact but also "to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact." *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *see also Harrington*, 562 U.S. at 98

("[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning."); *Pondexter v. Dretke*, 346 F.3d 142, 148 (5th Cir. 2003) ("a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision" (quoting *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc))).

In sum, Section 2254 creates a "highly deferential standard for evaluating state court rulings, which demands that state-court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). To overcome this standard, a petitioner must show that "there was no reasonable basis for the state court to deny relief." *Harrington*, 562 U.S. at 98.

The Court reviews Sixth Amendment claims concerning the alleged ineffective assistance of counsel under the two-prong test established in *Strickland v. Washington*, 466 U.S. 668 (1984); *see also Smith v. Robbins*, 528 U.S. 259, 285 (2000) ("the proper standard for evaluating [a] claim that appellate counsel was ineffective ... is that enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984)" (citing *Smith v. Murray*, 477 U.S. 527, 535-36 (1986))).

Under *Strickland*, the petitioner must demonstrate that the performance of his attorney fell below an objective standard of reasonableness. *See* 466 U.S. at 687-88. To be cognizable under *Strickland*, trial counsel's error must be "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The petitioner also must prove that he was prejudiced by his

attorney's substandard performance. *See id.* at 687, 692. "This requires showing that

counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose

result is reliable." *Id.* at 687.

> [B]ecause of the risk that hindsight bias will cloud a court's review of
> counsel's trial strategy, "a court must indulge a strong presumption that
> counsel's conduct falls within the wide range of reasonable professional
> assistance; that is, the defendant must overcome the presumption that,
> under the circumstances, the challenged action might be considered
> sound trial strategy."

*Feldman v. Thaler*, 695 F.3d 372, 378 (5th Cir. 2012) (quoting *Strickland*, 466 U.S. at

689)).

In*A conscious and informed decision on trial tactics and strategy cannot be the

basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that

it permeates the entire trial with obvious unfairness." *Cotton v. Cockrell*, 343 F.3d 746,

752-53 (5th Cir. 2003). Moreover,"[j]ust as there is no expectation that competent

counsel will be a flawless strategist or tactician, an attorney may not be faulted for a

reasonable miscalculation or lack of foresight or for failing to prepare for what appear

to be remote possibilities." *Harrington*, 562 U.S. at 110. "The Supreme Court has

admonished courts reviewing a state court's denial of habeas relief under AEDPA that

they are required not simply to give [the] attorney's the benefit of the doubt, ... but to

affirmatively entertain the range of possible reasons [petitioner's] counsel may have

had for proceeding as they did." *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012)

(internal quotation marks omitted).

In To demonstrate prejudice, Petitioner "must show that there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. Thus, "the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently." *Harrington*, 562 U.S. at 111. "Instead, *Strickland* asks whether it is 'reasonably likely' the result would have been different," which "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between *Strickland*'s prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" *Id.* at 111-12 (quoting *Strickland*, 466 U.S. at 693, 696, 697). "The likelihood of a different result must be substantial, not just conceivable." *Harrington*, 562 U.S. at 112.

Ineffective-assistance-of-counsel claims are considered mixed questions of law and fact and, therefore, are analyzed under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *See Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010). Where, as here, the state court adjudicated ineffective-assistance claims on the merits, this Court must review Petitioner's claims under the "doubly deferential" standards of both *Strickland* and Section 2254(d). *Cullen v. Pinholster*, 563 U.S. 170, 131 S. Ct. 1388, 1403, 1410 (2011). In such cases, the "pivotal question" for this Court is not "whether defense counsel's performance fell below *Strickland*'s standard"; it is "whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 562 U.S. at 101; *see also id.* at 105 ("Establishing that a state court's

-14-

application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." (internal quotation marks and citations omitted)).

In other words, the AEDPA does not permit a *de novo* review of state counsel's conduct in these claims under *Strickland*. *See id.* at 101-02. Instead, on federal habeas review of a claim that was fully adjudicated in state court, the state court's determination is granted "a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself." *Id.* at 101.

## Analysis

Because the state habeas court did not face a limitations bar, that court considered all seven claims and found them to all be without merit. *See* Dkt. No. 14-32 at 9-18. In addition, the Dallas Court of Appeals made determinations considering several of the ineffective-assistance claims on direct appeal. *See Caldwell*, 2011 WL 5119443, at *2-*5. While the Court will address each claim that is not time-barred in turn, Petitioner has not shown that the state-court adjudication of any claim is unreasonable.

Speedy trial [Claim 2]

The state habeas court found Petitioner's allegation that trial counsel, William Fey, was ineffective because Fey failed to request a speedy trial hearing on the motion to proceed with adjudication and failed to preserve the issue for appeal to be without merit. *See* Dkt. No. 14-32 at 14.

> A violation of the Speedy Trial Act in a non-jurisdictional defect and as such, not cognizable in a writ of habeas corpus. *Ex parte Owenby*, 749 S.W.2d 880 (Tex. Crim. App. 1988). Further, the record in this case indicates that the State was at all times ready to proceed but that the applicant's second attorney of record, Scottie Allen, requested that [the] case be passed. At the adjudication hearing evidence was presented that the delays in the hearing were caused by [Petitioner] trying to make a deal with the State for a lower sentence in exchange for his testimony in a separate trial. [Petitioner] contacted the District Attorney's Office and wanted some sort of deal on his sentence in exchange for his testimony about what he heard an inmate say about a crime the inmate committed. [Petitioner] did not testify at the other trial, but clearly his actions caused the delay in the adjudication hearing. The record in this case reflects that William Fay did present the issue to the court at [Petitioner's] request. The court finds that [Petitioner] was responsible for the delay and was not entitled to appellate relief on this ground. For this reason, trial counsel cannot be held ineffective as the issue was presented to the court and [counsel] did preserve the issue for appeal. The fact remains that there was no speedy trial violation in this case.

*Id.* (citations omitted or modified).

Petitioner "has not met his burden to show that the state habeas court's conclusion on this claim amounted to an unreasonable application of *Strickland* or an unreasonable determination of the evidence." *Garza v. Stephens*, 738 F.3d 669, 680 (5th Cir. 2013) (citing 28 U.S.C. § 2254(d)(1)-(2))).

Recusal of trial judge [Claim 3]

Petitioner next contends that Fey was ineffective because he did not pursue recusal of the judge who presided at the adjudication hearing and also did not preserve the issue for appeal. After explaining the brief history applicable to this claim, the state habeas court found the ineffective claim to be without merit.

> The initial plea in this case was taken by Judge Manny Alvarez, not Judge Don Adams, the sitting judge of the court. Judge Adams was not sitting in court the day that [Petitioner] escaped from the holding cell on

October 12, 2006. Judge Adams for [sic] off the bench recovering from an auto accident and was not on the bench for a lengthy period of time. [Petitioner] first raised the issue of recusal based on the fact that Judge Adams was on the bench the day he escaped from the holding cell. Once it was established on the record that Judge Adams was not on the bench that day, the complaint changed to the fact that the judge knew some of the witnesses from the Dallas County Sheriffs Department in his capacity as a judge. It was explained to [Petitioner], by counsel, that there were no legal grounds to file a motion to recuse the judge and on the record, under oath, [Petitioner] testified that he agreed with counsel that there no grounds to proceed with the recusal motion. [Petitioner's] original basis for the motion to recuse was based on the assertion that the judge was a factual witness to the escape. Once it was established in court that the judge was not on the bench at the time of the escape, [Petitioner] agreed that there were no grounds to consider the motion. It is also important to note that at the adjudication hearing the applicant admitted to knowing it was wrong to leave the holding cell. Contrary to [Petitioner's] claim in the [state] writ, the issue of recusal was presented to the court. There were no grounds for recusal and nothing to preserve for appeal. The court cannot find counsel ineffective.

Dkt. No. 14-32 at 15-16 (citations omitted).

Again, Petitioner has not shown that this conclusion amounts to an unreasonable application of *Strickland* or an unreasonable determination of the evidence. *See Garza*, 738 F.3d at 680.

Improper questioning [Claim 4]

As to Petitioner's complaint that trial counsel was ineffective for not objecting to allegedly improper and prejudicial questions by the prosecutor – concerning Petitioner's possession of stolen property in 2006 – during the adjudication hearing, the state habeas court concluded that the prosecutor's questions "came after the court found [Petitioner] guilty and after [Petitioner] opened the door to these questions ... through his testimony" and thus found the claim to be without merit. Petitioner also

has not shown that this conclusion amounts to an unreasonable application of *Strickland* or an unreasonable determination of the evidence. *See Garza*, 738 F.3d at 680.

Constitutionality of sentence [Claim 5]

Petitioner's claim that his trial counsel was ineffective for not challenging the length of his sentence as unconstitutional was addressed on direct appeal:

> Turning to appellant's contention that trial counsel failed to object to the sentence, the record shows that appellant was convicted of engaging in organized criminal activity, a first degree felony, with a possible punishment of five to ninety-nine years or life in prison and a fine not to exceed $10,000. *See* TEX. PENAL CODE ANN. §§ 12.32, 71.02(a)(1), (b) (West Supp. 2011). During closing arguments at the punishment phase, defense counsel argued, "This case is worth about five years in the grand scheme of things." The State argued appellant should receive the "maximum sentence because that is what he deserves." As noted earlier, the trial court sentenced appellant to sixty years in prison.
>
> Appellant faults trial counsel for not objecting to the sentence imposed by the trial court as unconstitutional, since counsel argued for a minimum sentence of five years. Appellant, however, does not indicate how or why his sixty-year sentence was unconstitutional. Texas courts have long held that punishment that falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See, e.g.*, Samuel *v. State*, 477 S.W.2d 611, 614 (Tex. Crim. App. 1972); *Ajisebutu v. State*, 236 S.W.3d 309, 314 (Tex. App. – Houston [1st Dist.] 2007, pet. ref'd); *Kirk v. State*, 949 S.W.2d 769, 772 (Tex. App. – Dallas 1997, pet. ref'd). Appellant's prison sentence was within the statutory guidelines, and counsel is not ineffective for failing to make objections that have no legal basis. *See Saldana v. State*, 287 S.W.3d 43, 63-64 (Tex. App. – Corpus Christi 2008, pet. ref'd); *see also Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App. – Houston [14th Dist.] 2005, pet. ref'd) ("It is not ineffective assistance for counsel to forego making frivolous arguments and objections.").

*Caldwell*, 2011 WL 5119443, at *4.

Petitioner also has not shown that this conclusion amounts to an unreasonable

application of *Strickland* or an unreasonable determination of the evidence. *See Garza*,

738 F.3d at 680.

Recusal of Justice Myers [Claim 6]

Finally, Petitioner contends that his appellate counsel was ineffective because

he did not move to recuse Justice Lana Myers, who sat on the appellate panel and

wrote the opinion affirming the trial court's judgment, because Justice Myers, then

Judge Myers, signed an arrest warrant for Petitioner dated October 10, 2006. At the

request of the state habeas court, Petitioner's appellate counsel submitted an affidavit

in which he explained that, "at the time I prepared the brief, I had no knowledge which

Justices would hear the appeal. I feel that if Justice Myers felt there was a conflict in

her hearing the appeal, she would have recused herself." Dkt. No. 14-32 at 19-20. The

state habeas court found "the affidavit to be true and correct." *Id.* at 17; *see also Pippin*

*v. Dretke*, 434 F.3d 782, 791-92 (5th Cir. 2005) (a state habeas court's findings as to the

credibility of an affiant "are entitled to a strong presumption of correctness and are

'virtually unreviewable' by the federal courts" (quoting *Moore v. Johnson*, 194 F.3d 586,

605 (5th Cir. 1999))). That court then made the following additional findings and

conclusions, which Petitioner also not shown either amount to an unreasonable

application of *Strickland* or an unreasonable determination of the evidence:

> As stated in the affidavit, counsel had no way of knowing the appellate
> panel at the time the brief was filed so it could not be raised in the brief.
> Further, the fact that [Justice] Myers performed a ministerial duty
> signing the arrest warrant in 2006 did not require a recusal on the
> appeal. The rules for judicial recusal are set out in Tex. R. Civ. P. 18b.
> The civil rules for judicial recusal are applicable to criminal cases. *See*
> *Arnold v. State*, 853 S.W.2d 543 (Tex. Crim. App. 1993). None of the

statutory grounds for recusal are present in this case. Further, the court finds that the minor involvement of [Justice] Myers in this case did not involve any discretionary act on her part nor did it cause her to have any specific knowledge of the facts of this case. As there were no grounds for the recusal of [Justice] Myers, counsel cannot be held ineffective on this ground. This allegation is without merit.

Dkt. No. 14-32 at 17.

Therefore, for the reasons stated above, Petitioner's various claims that his trial and appellate counsel were constitutionally ineffective should all be denied.

## Recommendation

Petitioner's application for writ of habeas corpus should be denied.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 20, 2015

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE